MEDINA COUNTY BAR ASSOCIATION *v.* HECK.

[Cite as *Medina Cty. Bar Assn. v. Heck,* **134 Ohio St.3d 77, 2012-Ohio-5319.**]

*Attorneys—Misconduct—Consent to discipline—One-year suspension, stayed on conditions.*

(No. 2012-0988—Submitted July 11, 2012—Decided November 20, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 11-107.

_____

**Per Curiam**.

{¶ 1} Respondent, Jill R. Heck of Medina, Ohio, Attorney Registration No. 0023174, was admitted to the practice of law in Ohio in 1981. On December 5, 2011, relator, Medina County Bar Association, charged respondent with professional misconduct for missing a deadline to file a signed agreed judgment entry with a court, failing to notify a client that she did not carry malpractice insurance, and failing to deposit client funds in an interest-bearing client trust account. A panel of the Board of Commissioners on Grievances and Discipline considered the cause on the parties' consent-to-discipline agreement. *See* BCGD Proc.Reg. 11.

{¶ 2} In the parties' consent-to-discipline agreement, Heck stipulates to the facts as alleged in relator's complaint and agrees that her conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional-liability insurance), and 1.15 (requiring a lawyer to preserve the identity of client funds and promptly deliver funds or other property that the client is entitled to receive). The parties stipulate that no aggravating factors exist and that mitigating factors include the absence of a prior disciplinary

record, absence of a selfish motive, a timely good-faith effort to rectify the consequences of the misconduct, and a cooperative attitude toward the disciplinary proceedings. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (c), and (d). Based upon these factors, the parties stipulate that the appropriate sanction for Heck's misconduct is a one-year suspension with the entire suspension stayed on the conditions that Heck enter into a contract with the Ohio Lawyers Assistance Program ("OLAP"), follow all recommendations made by OLAP, and commit no further misconduct.

{¶ 3} The panel and board found that the consent-to-discipline agreement conforms to BCGD Proc.Reg. 11 and recommend that we adopt the agreement in its entirety. We agree that Heck violated Prof.Cond.R. 1.3, 1.4(c), and 1.15 and that, consistent with the parties' agreement, this conduct warrants a one-year suspension from the practice of law with the entire suspension stayed. Therefore, we adopt the parties' consent-to-discipline agreement.

{¶ 4} Accordingly, Heck is hereby suspended from the practice of law for a period of one year with the entire suspension stayed on the conditions that she enter into a contract with OLAP, follow all recommendations made by OLAP, and commit no further misconduct. If Heck fails to comply with the conditions of the stay, the stay will be lifted, and she will serve the entire one-year suspension. Costs are taxed to Heck.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Eugene N. Elias; and Dickey and Crilly and John Crilly, for relator.

Lesiak, Hensel & Hathcock, L.L.C., and Jennifer L. Hensal, for respondent.

_____